**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4819-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DEVANTE DORMENA,

     Defendant-Appellant.

_____

Submitted September 20, 2021 – Decided September 27, 2021

Before Judges Fasciale and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 18-06-0519.

Joseph E. Krakora, Public Defender, attorney for appellant (Ashley Brooks, Assistant Deputy Public Defender, of counsel and on the briefs).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

Following a guilty plea, defendant appeals from his conviction for second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1). We remand for re-sentencing for reasons unrelated to the enactment of N.J.S.A. 2C:44-1(b)(14)—a new mitigating factor—specifically because the judge made no findings as to N.J.S.A. 2C:44-1(b)(13). But on remand, the judge will view defendant as he stands before the court on that day and therefore may consider mitigating factor fourteen.

On appeal, defendant argues:

> POINT I
>
> RESENTENCING IS REQUIRED BECAUSE THE [JUDGE] FAILED TO FIND CLEARLY PRESENT MITIGATING FACTOR THIRTEEN; [DEFENDANT] WAS SUBSTANTIALLY INFLUENCED BY HIS MORE MATURE CODEFENDANT, WHO WAS PRIMARILY RESPONSIBLE FOR THE OFFENSE. (Not Raised Below).
>
> POINT II
>
> [DEFENDANT] SHOULD BE RESENTENCED BECAUSE JUVENILE DEFENDANTS . . . DESIST FROM CRIME, AND THE [JUDGE] THUS ERRED IN FINDING AGGRAVATING FACTORS THREE AND NINE AND ASSIGNING THEM "VERY, VERY SUBSTANTIAL" AND "OVERWHELMING" WEIGHTS. (Not Raised Below).

A-4819-18

POINT III

THE LAW REQUIRING SENTENCING MITIGATION FOR YOUTHFUL DEFENDANTS MUST BE RETROACTIVELY APPLIED TO PENDING CASES. (Not Raised Below).

A. The Legislature Did Not Express [A] Clear Intent [F]or Prospective Application [I]n [T]he Plain Language [O]f [T]he Statute.

B. The Legislative History [A]nd Purpose [T]o Require Broad Consideration [O]f Youth [I]n Sentencing Militates [I]n Favor [O]f Retroactive Application.

C. The Ameliorative Nature [O]f The Law Strongly Suggests [T]hat [T]he Legislature Would Have Intended [F]or Retroactive Application.

D. Because No Manifest Injustice Would Result [F]rom Applying [T]he Statute [T]o Cases Pending [O]n Direct Appeal, [T]he Statute Should Be So Applied.

E. The Savings Statute Does Not Preclude Retroactive Application [O]f Ameliorative Legislative Changes, Like [T]he One [A]t Issue Here.

In January 2019, defendant pled guilty to second-degree aggravated assault. Under the plea agreement, defendant understood the State would recommend ten years in prison subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. However, defendant could argue for less than ten years

"based on [mitigating] factor [twelve]," which defendant's sentencing counsel argued warranted a four-year prison term subject to NERA. In May 2019, the judge imposed a seven-year prison term subject to NERA.

On appeal, defendant argues the judge erred by failing to find mitigating factor N.J.S.A. 2C:44-1(b)(13) (stating "[t]he conduct of a youthful defendant was substantially influenced by another person more mature than the defendant"), and by finding aggravating factors N.J.S.A. 2C:44-1(a)(3) (stating "[t]he risk that the defendant will commit another offense") and N.J.S.A. 2C:44-1(a)(9) (stating "[t]he need for deterring the defendant and others from violating the law"). For these reasons alone, defendant urges us to vacate the conviction for aggravated assault and remand for re-sentencing.

A year and one-half after the judge sentenced defendant, the Legislature enacted N.J.S.A. 2C:44-1(b)(14), a mitigating factor that may apply when "[t]he defendant was under [twenty-six] years of age at the time of the commission of the offense." Defendant initially argued in his merits brief that N.J.S.A. 2C:44-1(b)(14) applies retroactively and that the judge should have considered the new factor on remand. But after we later rendered our opinion in State v. Bellamy, ___ N.J. Super. ___ (App. Div. 2021) (allowing consideration of the new mitigating factor because a re-sentencing was unrelated to the adoption of the

statute), defendant's appellate counsel submitted a letter under Rule 2:6-11(d) pointing out that we need not reach the question of retroactivity because we should remand for reasons unrelated to the enactment of the statute. If we agree, defendant argues—like in Bellamy—then the remand judge should be permitted to consider mitigating factor fourteen because that judge would view defendant as he stands before the judge on that day.

In his May 8, 2019 letter to the judge, defendant's sentencing counsel[1] conceded that aggravating factor nine "certainly applies." And in fairness to the judge, defendant's sentencing counsel did not argue for mitigating factor thirteen or against aggravating factor three. Even though the judge did not explicitly analyze mitigating factor thirteen, he remarked "I understand you were young [and are] still young," and—potentially referring to defendant's nineteen-year-old friend who also pled guilty to a more serious charge—that defendant may have behaved more like a follower.[2] The State contends, and might very well

---

[1] This individual is not defendant's appellate counsel.

[2] Defendant was seventeen years old at the time of this senseless incident. Defendant, who was nineteen years old at sentencing, was waived up and treated as an adult.

be correct,[3] that mitigating factor thirteen is inapplicable because a more mature person did not substantially influence defendant.  However, the judge did not explicitly make such findings, even though he remarked that defendant was and is young.

We therefore remand for re-sentencing anew, which we leave to the discretion of the judge.  At that time, the judge will view defendant as he stands before the court on the day of re-sentencing, and like in Bellamy, the judge may also consider mitigating factor fourteen as doing so would be a prospective application of the new statute.  On remand, counsel may argue the applicability or inapplicability of any aggravating or mitigating factor.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] On remand, we in no way imply or suggest the applicability or inapplicability of any aggravating or mitigating factor.  And, in this opinion, we need not reach the question of retroactivity.

A-4819-18